IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUBEN ORLANDO BENITEZ | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:17cv233-HSO-RHW |
| | § | |
| JEFFEREY ATKINS | § | DEFENDANT |

### ORDER OVERRULING PLAINTIFF'S [37] OBJECTION AND [40] AMENDED OBJECTION; ADOPTING MAGISTRATE JUDGE'S [32] PROPOSED FINDINGS OF FACT AND RECOMMENDATION; AND DENYING PLAINTIFF'S [7] MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff Ruben Orlando Benitez's Objection [37] and Amended Objection [40] to the Proposed Findings of Fact and Recommendation [32] of United States Magistrate Judge Robert H. Walker regarding Plaintiff's Motion for Summary Judgment [7]. Based upon his review of Plaintiff's Motion [7], the related pleadings, and relevant legal authority, the Magistrate Judge determined that the Motion [7] should be denied. *See* Proposed Findings of Fact and Recommendation [32] at 2.

After thoroughly reviewing Plaintiff's Objection [37] and Amended Objection [40], the Magistrate Judge's Proposed Findings of Fact and Recommendation [32], Plaintiff's Motion for Summary Judgment [7], related pleadings, the record, and relevant legal authority, the Court finds that Plaintiff's Objection [37] and Amended Objection [40] should be overruled, that the Magistrate Judge's Proposed Findings of Fact and Recommendation [32] should be adopted as the finding of the Court, and that Plaintiff's Motion for Summary Judgment [7] should be denied.

I. BACKGROUND

Plaintiff filed his Complaint [1] in the Circuit Court of Greene County, Mississippi, on August 1, 2017, against Defendant Jefferey Atkins ("Defendant" or "Mr. Atkins"), who is an employee of the Clerk's Office of the Supreme Court of the United States. Compl. [5] at 30-31. On August 29, 2017, Mr. Atkins removed the case to this Court pursuant to 28 U.S.C. §§ 1442(a)(3) and 1446. Notice of Removal [1] at 1.

On August 30, 2017, Mr. Atkins filed a Motion [2] for Extension of Time to File Answer or Present Other Defenses, which the Magistrate Judge granted, making Mr. Atkins' Answer due by October 5, 2017, *see* Sept. 11, 2017, Text Order. On October 4, 2017, Mr. Atkins filed a Second Motion [13] for Extension of Time to File Answer or Present Other Defenses. The Magistrate Judge also granted the Second Motion [13], extending Mr. Atkins' Answer deadline until on or before October 12, 2017. *See* Oct. 5, 2017, Text Order. Mr. Atkins filed his Answer on October 12, 2017. *See* Ans. [18] at 1. Plaintiff has sought entry of default against Mr. Atkins on several occasions [44], [49], [50], but the Clerk of Court has declined to enter a default. Plaintiff also filed a Motion [46] for Reconsideration of Entry of Default, which the Court denied [47].

Prior to Mr. Atkins filing his timely Answer, Plaintiff filed the present Motion for Summary Judgment [7], arguing that Mr. Atkins failed to timely answer the Complaint such that Plaintiff is entitled to a judgment in his favor. The Magistrate Judge reviewed Plaintiff's Motion [7] and recommended that it be denied. Plaintiff

has filed an Objection [37] and an Amended Objection [40] to the Magistrate Judge's Proposing Findings of Fact and Recommendation [32].

## II. DISCUSSION

A. Relevant Legal Authority

1. Standard of Review

Because Plaintiff has filed written Objections [37], [40] to the Magistrate Judge's Proposing Findings of Fact and Recommendation [32], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

2. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to carry this initial burden, a movant "must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d

503, 511 (5th Cir. 2014) (quotation omitted).

   3.   <u>Entry of Default and Default Judgment</u>

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. *See, e.g., New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought *has failed to plead or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). "When the prerequisites of Rule 55(a) are satisfied, an entry of default may be made by the clerk without any action being taken by the court." 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.).

Once a default is entered, Rule 55(b) delineates the requirements for obtaining a default judgment. The entry of a default judgment is "generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quotation omitted).

B.   <u>Analysis</u>

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge. Plaintiff in essence seeks a default judgment against Mr. Atkins. For the reasons stated in the Court's Order [47] denying Plaintiff's Motion [46] for Reconsideration of Entry of Default, the record reflects that Mr. Atkins timely answered, and there is no basis for entering a default judgment against him. To the extent that Plaintiff contends that he is entitled to

summary judgment under Rule 56, Plaintiff has not carried his initial burden of showing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Plaintiff's Motion for Summary Judgment should be denied.

### III. CONCLUSION

Plaintiff's Objections [37], [40] will be overruled, and the Magistrate Judge's Proposing Findings of Fact and Recommendation [32] will be adopted as the finding of this Court. Plaintiff's Motion for Summary Judgment [7] will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Ruben Orlando Benitez's Objection [37] and Amended Objection [40] are **OVERRULED**, and the Proposed Findings of Fact and Recommendation [32] of United States Magistrate Judge Robert H. Walker is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion for Summary Judgment [7] is **DENIED**.

**SO ORDERED**, this the 17th day of May, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE