# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RUBEN ORLANDO BENITEZ** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:17cv233-HSO-RHW |
| | § | |
| **JEFFEREY ATKINS** | § | **DEFENDANT** |

## ORDER DENYING PLAINTIFF'S [73] MOTION FOR RELIEF FROM PROCEEDINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b); OVERRULING PLAINTIFF'S [77] OBJECTION; ADOPTING MAGISTRATE JUDGE'S [72] PROPOSED FINDINGS OF FACT AND RECOMMENDATION; GRANTING DEFENDANT'S [54] MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT; AND DENYING PLAINTIFF'S [59] MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on: (1) Plaintiff Ruben Orlando Benitez's Motion [73] for Relief from Proceedings Pursuant to Federal Rule of Civil Procedure 60(b); and (2) Plaintiff Ruben Orlando Benitez's Objection [77] to the Proposed Findings of Fact and Recommendation [72] of United States Magistrate Judge Robert H. Walker, which addressed Defendant Jefferey Atkins' Motion [54] to Dismiss and/or for Summary Judgment and Plaintiff's Motion [59] for Summary Judgment.

After thoroughly reviewing all of these filings, the related pleadings, the record, and relevant legal authority, the Court finds that Plaintiff's Motion [73] for Relief should be denied, that Plaintiff's Objection [77] should be overruled, and that the Magistrate Judge's Proposed Findings of Fact and Recommendation [72] should be adopted as the finding of the Court. Plaintiff's Motion for Summary Judgment

[59] should be denied, and Defendant's Motion [54] to Dismiss and/or for Summary Judgment should be granted. Plaintiff's claims will be dismissed with prejudice.

I. BACKGROUND

Plaintiff filed a Complaint [1] in the Circuit Court of Greene County, Mississippi, on August 1, 2017, naming as Defendant Jefferey Atkins ("Defendant"), who is an employee of the Office of the Clerk of the Supreme Court of the United States. Compl. [5] at 30-31; *see also* Ans. [18] at 3. Plaintiff claims that Defendant violated his due process rights by not approving Plaintiff's pauper's oath in conjunction with his application to proceed *in forma pauperis* on a petition for *writ of certiorari*, by denying Plaintiff's request for rehearing, and by allegedly preventing the proper judicial official from ruling on his request for rehearing. Compl. [5] at 31-32. On August 29, 2017, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1442(a)(3) and 1446. Notice of Removal [1] at 1.

On August 30, 2017, Defendant filed a Motion [2] for Extension of Time to File Answer or Present Other Defenses, which the Magistrate Judge granted, making Defendant's Answer due by October 5, 2017, *see* Sept. 11, 2017, Text Order. On October 4, 2017, Defendant filed a Second Motion [13] for Extension of Time to File Answer or Present Other Defenses. The Magistrate Judge granted the Second Motion [13], extending Defendant's deadline to file an Answer until on or before October 12, 2017. *See* Oct. 5, 2017, Text Order. Defendant filed his Answer on October 12, 2017. *See* Ans. [18] at 1. Plaintiff sought entry of default against

Defendant on several occasions [44], [49], [50], but the Clerk of Court declined to enter a default. Plaintiff filed a Motion [46] for Reconsideration of Entry of Default, which this Court denied [47].

Plaintiff also filed a Motion [7] for Summary Judgment before Defendant filed his Answer. Plaintiff argued that Defendant had failed to timely respond to the Complaint such that he was entitled to a judgment in his favor. The Magistrate Judge entered a Proposed Findings of Fact and Recommendation [32], recommending that Plaintiff's Motion [7] for Summary Judgment be denied. Plaintiff filed an Objection [37] and an Amended Objection [40] to the Magistrate Judge's Proposed Findings of Fact and Recommendation [32], which this Court overruled on May 17, 2018. *See* Order [71] at 5.

Defendant then filed a Motion [54] to Dismiss and/or for Summary Judgment asking the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(5) for insufficient service of process, or Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Def.'s Mot. [54] at 1; Def.'s Mem. [55] at 4-13. Alternatively, Defendant asked the Court to grant summary judgment in his favor under Rule 56(a). *See* Def.'s Mot. [54] at 1; Def.'s Mem. [55] at 13-19. Plaintiff filed a Response [61] in opposition to Defendant's Motion [54].

Plaintiff also filed his own Motion [59] for Summary Judgment, again insisting that Defendant was in default and that the Court "should have entered an order and judgment of default . . . ." Pl.'s Mem. [60] at 10. Plaintiff essentially

reurged his previous Motion [7] for Summary Judgment, his Objections to the Magistrate Judge's earlier Proposed Findings of Fact and Recommendation [32], and the other Motions he had previously filed.

The Magistrate Judge considered Plaintiff's Motion [59] for Summary Judgment and again found that Defendant filed his answer within the time allotted. Accordingly, the Magistrate Judge recommended that Plaintiff's Motion [59] for Summary Judgment be denied. *See* Proposed Findings of Fact and Recommendation [72] at 5. The Magistrate Judge next considered Defendant's Motion [54] to Dismiss and/or for Summary Judgment and concluded as a threshold matter that this Court lacks personal jurisdiction over Defendant. The Magistrate Judge also found that Plaintiff has failed to state a constitutional or statutory claim against Defendant or, in the alternative, that Defendant is entitled to qualified immunity. The Magistrate Judge recommended that Defendant's Motion [54] to Dismiss and/or for Summary Judgment be granted and that Plaintiff's claims be dismissed with prejudice. *See id*. at 12.

The same day the Magistrate Judge entered his Proposed Findings of Fact and Recommendation [72], Plaintiff filed a Motion [73] for Relief, which appears to seek reconsideration of the Court's May 17, 2018, Order [71] which adopted the Magistrate Judge's earlier Proposed Findings of Fact and Recommendation [32] and denied Plaintiff's earlier Motion [7] for Summary Judgment. Plaintiff again maintains that he is entitled to judgment as a matter of law on his claims against Defendant.

## II. DISCUSSION

A.  Plaintiff's Motion [73] for Relief

Plaintiff appears to request reconsideration of the Court's Order [71] denying his earlier Motion [7] for Summary Judgment. This ruling was not a final judgment, but an interlocutory order. While Plaintiff cites Federal Rule of Civil Procedure 60(b), that Rule only applies to final judgments. "Interlocutory orders . . . are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quotation omitted).

Instead, it is Rule 54(b) that "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Under this Rule, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quotation omitted).

Plaintiff has not demonstrated that he is entitled to summary judgment, and the Court sees no reason to reconsider or reverse its prior decision. Plaintiff's Motion [73] for Relief is not well taken and will be denied.

B.  Magistrate Judge's Proposed Findings of Fact and Recommendation [72]

1.  Relevant Legal Standards

Because Plaintiff has filed a written Objection [77] to the Magistrate Judge's most recent Proposed Findings of Fact and Recommendation [72], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Here, the Magistrate Judge recommended that Plaintiff's claims be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and/or 56.

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to carry this initial burden, a movant "must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted).

If the summary-judgment movant meets this burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). According to the United States Court of Appeals for the Fifth Circuit, "summary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Id.* (quotation omitted).

Defendant argues that Plaintiff has failed to state a claim against him upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), because the Complaint does not contain sufficient factual content that would allow the

Court to draw a reasonable inference that Defendant is liable for any harm. *See* Def.'s Mem. [55] at 10-13. Defendant alternatively argues that he is entitled to summary judgment because the undisputed material facts establish that Defendant enjoys qualified immunity from Plaintiff's claims. *See id.* at 13-19.

### 2. Qualified Immunity

Defendant is an employee of the Office of the Clerk of the United States Supreme Court, and Plaintiff's due process claims relate to the way in which Defendant docketed one of Plaintiff's filings. A clerk of court may be entitled to either absolute or qualified immunity. *See Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). "Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" *Id.* (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)). A clerk "enjoys only qualified immunity for those routine duties not explicitly commanded by a court decree or by the judge's instructions." *Id.*

Under the qualified-immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). If a plaintiff alleges a violation of a clearly established statutory or constitutional right, a court must then determine whether the defendant's conduct was objectively reasonable. *Doe v. Robertson*, 751 F.3d 383,

387 (5th Cir. 2014). A plaintiff bears the burden of proving that a government official is not entitled to qualified immunity. *Id.*

3. Analysis

a. Plaintiff's Motion [59] for Summary Judgment

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge. For the reasons stated in the Court's Order [47] denying Plaintiff's Motion [46] for Reconsideration of Entry of Default, the record reflects that Defendant timely answered the Complaint, and there is no basis for entering a default judgment against him. To the extent Plaintiff contends that he is entitled to summary judgment under Rule 56, Plaintiff has not carried his initial burden of showing that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Plaintiff's Motion for Summary Judgment in essence seeks a default judgment against Defendant, which the Court has previously denied. The Court sees no reason to alter this prior decision, and Plaintiff's Motion [59] for Summary Judgment should be denied.

b. Defendant's Motion [54] to Dismiss and/or for Summary Judgment

Defendant has raised qualified immunity in his request for dismissal. *See* Def.'s Mem. [55] at 13-19. The Magistrate Judge reasoned that Plaintiff has failed to identify the violation of a constitutional or statutory right such that Defendant is entitled to qualified immunity. *See* Proposed Findings of Fact and Recommendation [72] at 9-12.

Having reviewed the record, the Court concludes that Defendant is shielded

by qualified immunity from Plaintiff's claims. The competent summary judgment evidence demonstrates that Plaintiff's request to proceed *in forma pauperis* and his motion for reconsideration were both distributed to the Justices of the United States Supreme Court for conference, considered by all of them, and denied by them, in accordance with the applicable Supreme Court Rules. *See* Supreme Court Docket [54-1] at 1-2; Nov. 28, 2016, Order [54-6] at 1; Oct. 3, 2016, Order [54-4] at 1. There is no competent summary judgment evidence showing that Defendant violated any Supreme Court Rule, or any statute or constitutional right.

Summary judgment is appropriate because Plaintiff has not met his burden of demonstrating that Defendant violated a statutory or constitutional right or that Defendant's conduct was objectively unreasonable in light of clearly established law at the time of the alleged violation. Defendant's Motion [54] will be granted, and Plaintiff's claims will be dismissed with prejudice.

### III. CONCLUSION

Having conducted the required review, the Court finds that Plaintiff's Motion [73] for Relief from Proceedings Pursuant to Federal Rule of Civil Procedure 60(b) should be denied. Plaintiff's Objection [77] to the Magistrate Judge's Proposed Findings of Fact and Recommendation [72] should be overruled, and the Magistrate Judge's Proposing Findings of Fact and Recommendation [72] should be adopted as the finding of this Court. Plaintiff's Motion [59] for Summary Judgment will be denied, Defendant's Motion [54] to Dismiss and/or for Summary Judgment will be granted, and Plaintiff's claims will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Ruben Orlando Benitez's Motion [73] for Relief from Proceedings Pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Ruben Orlando Benitez's Objection [77] is **OVERRULED**, and the Proposed Findings of Fact and Recommendation [72] entered by United States Magistrate Judge Robert H. Walker on June 11, 2018, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Ruben Orlando Benitez's Motion [59] for Summary Judgment is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Jefferey Atkins' Motion [54] to Dismiss and/or for Summary Judgment is **GRANTED**, and Plaintiff Ruben Orlando Benitez's claims are **DISMISSED WITH PREJUDICE**. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 29th day of January, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE